NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR MANUEL MIRANDA, | No. 19-72999 |
| Petitioner, | Agency No. A092-463-362 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022**
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,*** District Judge.

Edgar Miranda, a Nicaraguan national who has resided in the United States

since he entered without admission or parole in 1980, petitions for review of a Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

of Immigration Appeals ("BIA") decision denying withholding of removal, relief under the Convention Against Torture ("CAT"), and a continuance. We review factual findings underlying the denial of withholding and CAT relief for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2012). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

I. **Substantial Evidence Supports the BIA's Decision to Deny Withholding of Removal.**

An applicant seeking withholding of removal must demonstrate a "clear probability" of future persecution. *See INS v. Stevic*, 467 U.S. 407, 413 (1984). This may be demonstrated either by showing the applicant has been persecuted in the country of removal on the basis of a characteristic enumerated in the Immigration and Nationality Act ("INA"), which creates a rebuttable presumption of future persecution, or by showing "it is more likely than not that he or she would be persecuted" in the future on the basis of a protected characteristic if removed. 8 C.F.R. § 1208.16(b)(1), (2).

Miranda argues he is likely to be persecuted in Nicaragua by former members of the Sandinista National Liberation Front ("Sandinistas") on the basis of his "membership in a particular social group" (his family) and imputed political opinion. Substantial evidence supports the BIA's denial of withholding of removal. The BIA

2

denied withholding on the basis of family membership because it found no clear error in the Immigration Judge's ("IJ") determination that Miranda failed to show anyone in the Sandinistas remembers him or his family or would want to harm them. The BIA rejected the political opinion theory based on the IJ's finding that there was "absolutely no evidence to show" the Sandinistas had imputed a political opinion to Miranda's family or would impute one to him if he returned to Nicaragua.

Miranda does not point to evidence compelling the conclusion that the BIA's decision was erroneous. Nothing in the record demonstrates the Sandinistas would target Miranda on the basis of his family membership or political opinion. Moreover, Miranda's conclusory assertions regarding the harms he might face in Nicaragua are contradicted by the lack of any evidence showing his siblings residing in Nicaragua face persecution or harm on the basis of family membership. *See Tzompantzi-Salazar v. Garland*, No. 20-71514, 2022 WL 1196787, at \*7 (9th Cir. Feb. 9, 2022) (noting harm was unlikely when petitioner's parents and siblings resided in home state and they had not been subjected to any harm, persecution, or torture). Substantial evidence supports the BIA decision to deny withholding of removal.

## II.     Substantial Evidence Supports the BIA Determination That Miranda Failed to Demonstrate CAT Eligibility.

To qualify for protection under CAT, an alien must show it is "more likely than not" he will be tortured in the place of removal, if removed. 8 C.F.R. § 1208.16(c)(2). Miranda claims he is entitled to relief under CAT because the IJ found

credible his testimony regarding the harm he fears if returned to Nicaragua.

The BIA affirmed the IJ finding that there was no evidence showing persons unsympathetic to the Sandinistas are currently subject to torture in Nicaragua, or any indication Miranda might be tortured if removed to Nicaragua. Substantial evidence supports the BIA decision that Miranda is ineligible for CAT relief because he failed to show it is "more likely than not" that he will be tortured if removed to Nicaragua.

### III. The Denial of Miranda's Request for a Continuance Was Not An Abuse of Discretion

Miranda argues he should have been granted a continuance to investigate whether he previously filed an asylum application using a different Alien Registration Number ("A-number"). He claims that he repeatedly requested copies of files associated with a different A-number but the government refused to provide them.

The government must provide aliens access to copies of their A-files, if requested. *Dent v. Holder*, 627 F.3d 365, 374 (9th Cir. 2010). However, the record demonstrates Miranda did not ask for copies of his A-files. Rather, he asked whether he had previously filed an application for asylum associated with a different A-number and asked the government to "get" the asylum application for him. The government responded that Miranda's A-numbers had been consolidated and the records did not indicate Miranda had previously sought asylum.

Miranda argued to the BIA he should have been granted a continuance. But

4

his entire argument to the BIA regarding a continuance consisted of one sentence in which he failed to identify when he asked for a continuance to investigate a different A-number, when such a request was denied, or why the IJ erred by finding there did not exist good cause for the continuance. The BIA concluded Miranda failed to satisfy the "good cause" standard.

Under the circumstances, the BIA did not abuse its discretion in denying a continuance.

**DENIED.**